IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, The Construction Industry Advancement Program of Western Pennsylvania Fund, Western Pennsylvania Heavy & Highway Construction Advancement Fund and the Laborers' District Council of Western Pennsylvania,<br><br>          Plaintiff,<br><br>    v.<br><br>ADVANCED BUILDERS, INC.,<br><br>          Defendant. | Civil Action No. |

## COMPLAINT

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Contractor has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain labor agreement entered into with the Laborers' District Council of Western Pennsylvania (hereinafter "**Union**"), an employee organization.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at Forbes-Pride Building, 6th Floor, 1425 Forbes Avenue, Pittsburgh, Pennsylvania 15219. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the

Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter "**Funds**").  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

       3.      The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

       4.      The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western Pennsylvania Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

       5.      Defendant Advanced Builders, Inc. ("**Contractor**") is engaged in the construction business and maintains its principal place of business at P.O. Box 684, Perryopolis, Pennsylvania 15473.

       6.      At all times material, Contractor was bound by labor Agreements ("**Agreements**") with the Union, pursuant to which the Contractor was to make certain monthly contributions to Funds for welfare, industry, dues, pension and medical for the benefit of employees covered under such Agreements.

       7.      In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff from April 2013 through March 2016, which has resulted in a principal deficiency of $51,587.64. In addition, interest through May 31, 2016 of $12,906.46 is due and late charges/liquidated damages of $42,571.80 are due to Plaintiff, for a total deficiency of $107,065.90.  Interest will

- 2 -

continue to accrue after May 31, 2016 at the rate of one and one-quarter (1 ¼ %) percent per month and $21.20 per day.

8. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $14,000.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter (1¼%) percent per month and late charges/liquidated damages at ten (10%) percent times such amounts owed. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also required to pay Plaintiff attorneys' fees of twenty (20%) percent of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $21,413.18 through May 31, 2016. Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreement and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreement, and enjoining Defendant Contractor from disposing of assets; and

(b)  For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations through the present; and

(c)  For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d)  For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $128,479.08, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at the rate of one and one-quarter (1 ¼ %) percent per month; plus late charges/liquidated damages of ten (10%) percent; attorneys' fees of twenty (20%) percent of total amount due; plus costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.


By: */s/ Jeffrey J. Leech*
　　　Jeffrey J. Leech
　　　PA I.D. No. 19814
　　　Neil J. Gregorio, Esquire
　　　PA I.D. No. 90859
　　　1500 One PPG Place
　　　Pittsburgh, PA 15222
　　　(412) 566-1212
　　　Attorneys for Plaintiff
　　　Laborers' Combined Funds of
　　　　Western Pennsylvania